# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

JAMES EDWARD GREEN, JR.                                              PETITIONER

v.                              NO. 5:14CV00009 KGB/HDY

RAY HOBBS, Director of the                                          RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

-1-

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

STATE COURT PROCEEDINGS. In November of 2011, petitioner James Edward Green, Jr., ("Green") was convicted in an Arkansas state trial court of failing to comply with the registration and reporting requirements applicable to sex offenders and of residing within two thousand feet of a daycare facility as a level 4 sex offender. He was sentenced as an habitual offender to the custody of respondent Ray Hobbs ("Hobbs"). Green appealed his convictions, but the Arkansas Court of Appeals found no reversible error and affirmed his convictions. See Green v. State, 2013 Ark.App. 63, 2013 WL 458006 (Ark.Ct.App. 2013). A petition for review was later denied by the Arkansas Supreme Court. See Green v. State, 2013 Ark. 455, 2013 WL 5968933 (Ark.S.Ct. 2013).

Green next filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. The state trial court judge denied the petition but did so before the state Supreme Court issued the mandate in the petition for review.

Green appealed the denial of his petition for post-conviction relief to the state Supreme Court. The appeal was dismissed without prejudice because the state trial court lacked jurisdiction to deny the petition. The state Supreme Court found that jurisdiction was lacking because the state trial court order of dismissal was entered before the state Supreme Court issued the mandate in the petition for review. Once the state Supreme Court issued the mandate, the state trial court judge issued an amended order again denying Green's petition for post-conviction relief.

-3-

Green then appealed the denial of his petition for post-conviction relief to the state Supreme Court. He filed a number of motions during the pendency of his appeal, and the state Supreme Court used the occasion of addressing the motions to review the merits of his claims. Because they warranted no relief, the state Supreme Court dismissed his appeal. See Green v. State, 2013 Ark. 455, 2013 WL 5968933 (Ark.S.Ct. 2013).

FEDERAL COURT PROCEEDINGS. Green commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. Hobbs summarized Green's claims as follows, a summary the undersigned adopts:

> 1. (a) Ineffective assistance of counsel for failure to object to the introduction of [a Risk Assessment and Offender Profile Report], …; (b) ineffective assistance of counsel for failure to move for a directed verdict on the charge of living within 2000 feet of a daycare facility as a registered sex offender, …; (c) ineffective assistance of counsel for failure to "review relevant sex offender laws" demonstrating a conflict between state and federal legislation, …; (d) ineffective assistance of counsel for failure to seek a change of venue, …; [and] (e) ineffective assistance of counsel for failure to seek the appointment of a special prosecutor, …
>
> 2. Failure of counsel to raise the affirmative defense of "unforeseen circumstance," …
>
> 3. Prosecutorial misconduct in "knowingly" introducing the [Report], …
>
> 4. Violation of "double jeopardy" in that the Report introduced at his sentencing listed his acquittal of a 1996 rape charge, essentially "retrying" him for that charge. …
>
> 5. Denial of a fair and impartial trial (due process) that resulted from the prejudicial effect of introduction of the Report. …

6. "Selective prosecution" based on the fact that Green was prosecuted as a Level 4 sex offender under state law and, additionally, that Green had previously sued the Monticello Police Department. …

7. "Malicious prosecution" based on Green's assertion that there was insufficient evidence to convict him. …

8. Abuse of judicial discretion and bias by the state trial court in denying his motion for a directed verdict. …

9. The use of the Report violated "numerous" federal constitutional provisions and state statutes. …

10. Substantial evidenced does not support the verdict. …

11. Ineffective assistance of counsel on direct appeal and in post-conviction. …

12. The sentence imposed by the state court constitutes "cruel and unjust punishment." …

13. Green's conviction constitutes a "miscarriage of justice" based upon the insufficiency of the evidence and prosecutorial misconduct. …

14. [He] is "actually innocent" of the charges based upon the testimony at trial and the insufficiency of the evidence against him. …

See Document 27 at 5-8.

Hobbs filed a response to Green's petition and maintained that it should be dismissed. Hobbs so maintained for two reasons. First, he maintained that several of Green's claims are procedurally barred from federal court review because he failed to present them to the state courts of Arkansas in accordance with the state's procedural rules. Second, with regard to the claims that are not procedurally barred, Hobbs maintained that the claims are without merit.

Green filed several submissions in reply to Hobbs' response. Although a brief summary of Green's submissions is impossible, two things are worth noting. First, his summary of his claims mirrors the summary made by Hobbs and adopted by the undersigned. <u>See</u> Document 40 at 19. Second, Green steadfastly maintained that he is actually innocent. He did so, in part, in a document he characterized as an "Affidavit of Actual Innocence." <u>See</u> Document 40 at 26-27. In the affidavit, he offered several reasons why he is actually innocent. He also offered evidence of his innocence in an April 4, 2014, submission. <u>See</u> Document 42. In that document, he purports to offer proof that he did not actually move to the trailer he was alleged to have been residing in, and he also raised questions regarding his classification as a level 4 sex offender.

Having thoroughly reviewed the record in this case, the undersigned finds that Green's claims warrant no relief. The undersigned therefore recommends that his petition be dismissed. All requested relief should be denied, and judgment should be entered for Hobbs. The undersigned additionally recommends that a certificate of appealability be denied.

<u>THE PROCEDURAL BAR ISSUE</u>. With regard to Hobbs' assertion of procedural bar, the federal courts generally will not consider the merits of a petitioner's claim if he was aware of the claim but failed to first present it to the state courts in accordance with the state's procedural rules. <u>See</u> <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977). The exception to this rule permits the claim to be considered if the petitioner can show cause for his failure to present the claim in accordance with the state's procedural rules.

A fair reading of the record establishes that Green did not present all of the claims at bar to the state courts of Arkansas in accordance with the state's procedural rules. Are the claims he failed to so present therefore procedurally barred from federal court review? Rather than wrestle with that question, and the fall-out from the United States Supreme Court decisions in Martinez v. Ryan, 566 U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and Trevino v. Thaler, — U.S. —, 133 S.Ct. 1911, — L.Ed.2d —, 2013 WL 2300805 (2013), the undersigned will simply address Green's claims on the merits. See Dodge v. Robinson, 625 F.3d 1014 (8th Cir. 2010) (although procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching merits of petitioner's claims first).

CLAIMS ONE AND TWO. Green's first and second claims involve six separate challenges to his trial attorney's representation. Green first maintains that counsel was ineffective because he failed to object to the admission of a Risk Assessment and Offender Profile Report ("Report").[1] The state Supreme Court rejected the claim on the merits because Green could not show a "reasonable probability … he would have received a lesser sentence if the Report had not been introduced into evidence." See Green v. State, 2013 WL 5968933 at 3.

---

[1]

Although the record contains a Report with an assessment date of January 16, 2009, see Document 42 at 17, the Report introduced into evidence contains an assessment date of March 6, 2009, see Document 27, Exhibit A at 347. The Report contains information about, inter alia, Green's criminal history and the facts supporting his classification as a level 4 sex offender. In addressing the former, the Report notes that "[o]ther sex offense charges include [r]ape, for which [Green] was found Not Guilty on 12-27-96." See Document 27, Exhibit A at 347.

Green's claim is governed by 28 U.S.C. 2254(d), which requires a two-part inquiry. First, it requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Second, 28 U.S.C. 2254(d) requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

Green's claim is also governed by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), which requires a two-part showing. First, he must show that counsel's performance fell below an objective standard of reasonableness. Second, Green must show prejudice, that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>See</u> <u>Cochran v. Dormine</u>, 701 F.3d 865, 869 (8th Cir. 2012). Taken together with 28 U.S.C. 2254(d), <u>Strickland v. Washington</u> establishes a "doubly deferential standard of review." <u>See</u> <u>Williams v. Roper</u>, 695 F.3d 825, 831 (8th Cir. 2012) [internal quotation omitted].

Green has not shown that the state Supreme Court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. In addressing the claim, the state Supreme Court applied clearly established federal law. The state Supreme Court found that although the Report was inadmissible, <u>see</u> <u>Green v. State</u>, 2013 WL 5968933 at 3, the following facts excused the improper admission of the Report:

-8-

> … During the guilt phase of the trial, evidence was introduced showing that
> [Green] was a level-4 sex offender and that level 4 is the highest level of
> assessment available. During the sentencing phase, the State introduced
> judgment-and-commitment orders to prove [his] status as a habitual
> offender, showing that [he] had been convicted of a number of previous
> felonies—robbery, three counts of first-degree terroristic threatening,
> second-degree sexual assault, and third-degree carnal abuse—as well as
> three counts of contributing to the delinquency of a minor, a misdemeanor.
> Accordingly, there was evidence to support the jury's recommended total
> sentence of 540 months' imprisonment on both charges. Moreover,
> [Green's] prior offenses were made known to the jury even without the
> introduction of the Report. …

See Id. at 3. On the basis of the foregoing facts, the state Supreme Court found that

Green could not show the sentence he received would have been less had the Report not

been introduced into evidence. It is also on the basis of the foregoing facts that he

cannot show the prejudice required by Strickland v. Washington.

Green next maintains that his trial attorney was ineffective because counsel failed

to move for a directed verdict on the charge of residing within two thousand feet of a

daycare facility. The state Supreme Court did not consider the claim on the merits

because Green provided no support for the claim. See Green v. State, 2013 WL 5968933

at 2, n.1. Nevertheless, the claim warrants no relief for two reasons. First, Green has not

shown that his attorney committed error as counsel moved for a directed verdict on the

charge. See Document 27, Exhibit A at 221-222, 234-235, 237. Second, Green has not

shown prejudice as there is evidence to support the jury's verdict; specifically, the state

Court of Appeals found the following facts support the verdict:

It is undisputed that [Green] is a level 4 registered sex offender with a duty to notify local law enforcement ten days in advance of any change of address. …

…

[Green] notes that there was testimony that he was not living in the trailer but at his parents' home, and that he was in the trailer only to do repair work. Although there was such testimony from [his] father and from the owner of the trailer, the jury was not required to believe it. Viewing the evidence in the light most favorable to the State, as we must, we do not consider that testimony in determining the sufficiency of the evidence. [Green] also argues that the remaining evidence of his residency in the trailer was insufficient because it was circumstantial. However, the fact that evidence is circumstantial does not render it insubstantial. …

Here, there was evidence that the trailer's previous resident had moved out approximately two months earlier and that the utilities were then shut off. There was also evidence that electrical, gas, and water utilities had been reestablished in [Green's] name. A letter from Entergy addressed to [him] at the trailer's address was found in the trailer. Another letter addressed to [him], bearing the trailer's address, thanked [him] for establishing service with CenterPoint Entergy. The manger of the local water utility testified that [Green] established water service at the trailer in his name and paid a fifty-dollar deposit. There were dishes in the sink and perishable food in the refrigerator; no mold was present. There was furniture in the trailer. A mattress with pillows was found on the floor, and it appeared that it had been used recently. Men's clothing and toiletries were found in the trailer, as were prescription-medication bottles bearing [Green's] name. The owner of the trailer admitted that [Green] had approached him three times about renting the trailer. [Green's] father admitted that [Green] had intended to move to the trailer. [He] had a key to the trailer when arrested. No evidence of repair work was observed in the trailer. …

See Green v. State, 2013 WL 458006 at 2.

Green next maintains that his trial attorney was ineffective because counsel failed to review relevant sex offender laws. Green maintains that such a review would have demonstrated a conflict between state and federal legislation with regard to the classification of sex offenders. Although it appears that Green did not raise the claim in the state courts of Arkansas, the claim warrants no relief for two reasons. First, he has not shown that counsel committed error because it is undisputed that Green is a level 4 registered sex offender, and he has not shown what difference a conflict between state and federal legislation would have made. Second, Green has not shown prejudice as he cannot show a reasonably probability that a review of the relevant sex offender statutes, and evidence of a conflict between state and federal legislation, would have changed the outcome of the trial.

Green next maintains that his trial attorney was ineffective because counsel failed to seek a change of venue. Green maintains that a change of venue was warranted given his status as a sex offender. The state Supreme Court did not consider the claim on the merits because he provided no support for the claim. See Green v. State, 2013 WL 5968933 at 2, n.1. Nevertheless, the claim warrants no relief for two reasons. First, he has not shown that his attorney committed error as Green has produced no evidence that there was an arguable basis for requesting a change of venue. Second, he has shown no prejudice as he has not shown a reasonable probability that had his attorney requested a change of venue, and the request been granted, the outcome of the trial would have been different.

-11-

Green next maintains that his trial attorney was ineffective because counsel failed to seek the appointment of a special prosecutor. The state Supreme Court did not consider the claim on the merits because Green provided no support for the claim. See Green v. State, 2013 WL 5968933 at 2, n.1. Nevertheless, the claim warrants no relief for two reasons. First, he has not shown that his attorney committed error as Green has produced no evidence that there was an arguable basis for requesting the appointment of a special prosecutor. Second, Green has shown no prejudice as he cannot show a reasonable probability that had his attorney requested the appointment of a special prosecutor, and the request been granted, the outcome of the trial would have been different.

Last, Green maintains that his trial attorney was ineffective because counsel failed to raise the "unforeseen circumstances" defense, a defense that will temporarily excuse a sex offender's failure to report a change of address. The state Supreme Court rejected the claim because the defense was inconsistent with Green's defense at trial. See Green v. State, 2013 WL 5968933 at 3. Green cannot show that the state Supreme Court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. In addressing the claim, the state Supreme Court applied clearly established federal law and found the facts relevant to the claim to be as follows:

-12-

... At trial, the defense theory was that [Green] had not changed his residence to live at the address where the trailer was located. See Green, 2013 Ark.App. 63. Thus, counsel could not have asserted any defense to excuse [Green's] delay in reporting the change in address to the location of the trailer when [he] was claiming that he had never moved to that location.

See Green v. State, 2013 WL 5968933 at 3. On the basis of the foregoing facts, the state Supreme Court found that the "unforeseen circumstances" defense was inconsistent with Green's defense at trial. It is also on the basis of the foregoing facts that he cannot show his attorney committed error or that prejudice resulted.

CLAIMS THREE, FOUR, FIVE, AND NINE. Green's third, fourth, fifth, and ninth claims involve challenges to the admission of the Report. Specifically, Green's third claim is a challenge to the prosecutor's alleged misconduct in introducing the Report and making what Green characterizes as "snide, off-hand remarks" about it during closing argument. See Document 2 at 12. His fourth claim is his assertion that the admission of the Report violated his protection against double jeopardy because the Report noted, inter alia, his acquittal of a 1996 charge of rape. His fifth claim is that the introduction of the Report violated his right to due process, and his ninth claim is that the Report's admission violated several state and federal laws. Although Green presented similar claims to the state courts, the only ruling on the merits he ever obtained was in the context of a challenge to his trial attorney's failure to object to the admission of the Report. For the reasons that follow, the claims nevertheless warrant no relief.

Green maintains that the Report was considered by the jury during the guilt phase of the trial. There is no evidence to support his assertion. Instead, the state Supreme Court found that the Report was introduced during the sentencing phase. See Green v. State, 2013 WL 5968933 at 3, n.3; Document 27 at 263-264. Like Green's trial attorney, the state trial court judge and the prosecutor knew, or should have known, that the Report was inadmissible. Notwithstanding the erroneous admission of the Report, the state Supreme Court found that there was other evidence to establish Green's status as a habitual offender, namely, his prior felony convictions for robbery, three counts of first degree terroristic threatening, second-degree sexual assault, and third-degree carnal abuse, and his prior misdemeanor convictions for contributing to the delinquency of a minor. See Green v. State, 2013 WL 5968933 at 3. The undersigned gives great deference to the state Supreme Court's findings of fact. Because the convictions "were made known to the jury even without the introduction of the Report," see Id., and the convictions by themselves justify Green's sentence, the undersigned is not prepared to find that the admission of the Report was so prejudicial that it deprived Green of a fair trial, see Dodd v. Nix, 48 F.3d 1071 (8th Cir. 1995) (claim of prosecutorial misconduct), or was so gross, conspicuously prejudicial, or otherwise of such magnitude that it fatally infected the trial and failed to afford him the fundamental fairness which is the essence of due process, see Maggitt v. Wyrick, 533 F.2d 383 (8th Cir. 1976) (due process claim).[2]

---

[2] The undersigned is also not prepared to find that the admission of the Report violated Green's protection against double jeopardy. See Bally v. Kemna, 65 F.3d 104 (8th Cir. 1995) (double jeopardy claim).

CLAIM SIX. Green's sixth claim is another challenge to the prosecutor's alleged misconduct. Green maintains that he was selectively prosecuted because he was unjustifiably classified as a level 4 sex offender and had previously filed litigation against a local police department. He advanced part, but not all, of the claim in his state trial court petition for post-conviction relief, but relief was denied because the claim was not a ground for post-conviction relief. Notwithstanding his piecemeal presentation of this claim to the state courts of Arkansas, the claim warrants no relief for two reasons. First, the question of his proper classification as a sex offender is outside the scope of this proceeding. Second, he has alleged no facts establishing a casual link between his past litigation and his prosecution on the charges that resulted in his incarceration.

CLAIMS SEVEN, EIGHT, TEN, THIRTEEN, AND FOURTEEN. Green's seventh, eighth, tenth, thirteenth, and fourteenth claims involve challenges to the sufficiency of the evidence. Specifically, Green's seventh claim challenges the prosecutor's alleged misconduct in filing and pursuing the charges against Green, and Green's eighth claim challenges the state trial court judge's refusal to grant a directed verdict in the face of evidence that Green is actually innocent. His tenth and thirteenth claims challenge the sufficiency of the evidence, and his fourteenth claim is his assertion that he is actually innocent. Although he presented similar claims to the state courts, the only ruling on the merits he ever obtained on them was in the context of his direct appeal challenge to the sufficiency of the evidence. For the reasons that follow, the claims nevertheless warrant no relief.

"Constitutionally, sufficient evidence supports a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" <u>See</u> <u>Garrison v. Burt</u>, 637 F.3d 849, 854 (8th Cir. 2011) (emphasis in original) [quoting <u>Jackson</u> <u>v. Virginia</u>, 443 U.S. 307, 319 (1979)]. If, in addressing such a claim, the state appellate court made findings of fact, they are accorded deference. <u>See</u> 28 U.S.C. 2254(d). Additionally, a state appellate court's conclusion will not be disturbed unless it was "both incorrect and unreasonable." <u>See</u> <u>Garrison v. Burt</u>, 637 F.3d at 855 [quoting <u>Cole</u> <u>v. Roper</u>, 623 F.3d 1183, 1187 (8th Cir. 2010)].

Green has not shown that the state Court of Appeals' adjudication of his challenge to the sufficiency of the evidence resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Although the state appellate court did not specifically cite federal law, the failure of the appellate court to do so is not problematic for two reasons. First, the substantial evidence standard used by the state Court of Appeals is consistent with <u>Jackson v. Virginia</u>. <u>See</u> <u>Dansby v. Norris</u>, 682 F.3d 711, 717-718 (8th Cir. 2012) [reversed on other grounds, <u>Dansby v. Hobbs</u>, — U.S. —, 133 S.Ct. 2767, 186 L.Ed.2d 215 (2013)].[3] Second, neither the state Court of Appeals' reasoning nor result contradict federal law.

---

[3] The state Court of Appeals noted that "[t]he test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. … Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. …" <u>See</u> <u>Green v. State</u>, 2013 WL 458006 at 1.

Green has also not shown that the state Court of Appeals' adjudication of his challenge to the sufficiency of the evidence resulted in a decision that is based on an unreasonable determination of the facts in light of the evidence presented. The record reflects that there was some direct evidence of his guilt, that being, "[Green's] father admitted that [Green] had intended to move to the trailer." See Green v. State, 2013 WL 458006 at 2. The bulk of the evidence, though, was circumstantial, and as to that evidence, the state Court of Appeals could and did find the evidence sufficient. See Id. See also supra at 10. As the state Court of Appeals concluded and the undersigned finds, "… a jury could find that there was no reasonable conclusion to be drawn except that [Green] was residing in the trailer." See Id.[4]

CLAIM ELEVEN. Green's eleventh claim is a challenge to his attorney's representation on direct appeal and an assertion that he was not represented by counsel during the post-conviction proceeding. Although it appears that Green did not raise the claim in the state courts of Arkansas, the claim warrants no relief for two reasons. First, he has failed to state specifically what claims counsel should have raised on appeal and why the claims, were he to have prevailed, would have resulted in a different outcome. Second, even after Martinez v. Ryan and Trevino v. Thaler, there is no right to counsel in a post-conviction proceeding. See Moore v. Steele, 2013 WL 3092186 (E.D.Mo. 2013).

---

[4]

With regard to Green's assertion that he is actually innocent, the undersigned assumes without deciding that a "stand-alone claim of actual innocence may be cognizable." See Nooner v. Hobbs, 689 F.3d 921, 932 n.7 (8th Cir. 2012). The undersigned has reviewed his submissions and is unable to find that he has met the extraordinarily high standard applicable to such a claim.

CLAIM TWELVE. Green's twelfth claim is a challenge to the length of his forty-five year sentence. He maintains that his sentence was enhancement pursuant to an habitual offender statute, thereby giving rise to what he characterizes as "cruel and unjust punishment." Although it appears that he never raised the claim in the state courts of Arkansas, the claim warrants no relief. "[H]abitual criminal statutes have been upheld against Eighth Amendment challenges," see Goodloe v. Parratt, 605 F.2d 1041, 1043 n. 6 (8th Cir. 1979), and Green has offered no evidence that his sentence is constitutionally suspect because of the enhancement.

OTHER CLAIMS. Green has also alleged other claims in his pleadings to date. For instance, in his March 17, 2014, memorandum, he maintains that the prosecutor made highly inflammatory remarks to the jury. See Document 41. Although it is not clear whether Green ever raised the claims in the state courts, it is clear the claims warrant no relief. With specific regard to the prosecutor's comments, particularly during opening statement and closing argument, see Document 27, Exhibit A at 159-163, 249-254, 257-258, they did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. See Clayton v. Roper, 515 F.3d 784 (8th Cir. 2008).

CONCLUSION. Given the foregoing, the undersigned finds that Green's claims warrant no relief. It is therefore recommended that the petition be dismissed, all requested relief be denied, and judgment be entered for Hobbs. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, a certificate of appealability should also be denied.

DATED this ___9___ day of April, 2014.

_____
UNITED STATES MAGISTRATE JUDGE