**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JAMES EDWARD GREEN, JR.,**                                                        **PETITIONER**
**ADC #113001**

**v.**                              **Case No. 5:14-cv-00009-KGB/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                                        **RESPONDENT**

## ORDER

The Court has received the Findings and Recommendation from Magistrate Judge H. David Young (Dkt. No. 43). In response, petitioner James Edward Green, Jr., filed an objection (Dkt. No. 50) and a statement of necessity (Dkt. No. 51). After a careful review of the Findings and Recommendation, the timely objection and statement of necessity received thereto, and a *de novo* review of the record, the Court concludes that the Findings and Recommendation should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects. The Court determines no evidentiary hearing is necessary and denies all pending motions as moot.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which Mr. Green has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability is denied.

The Court writes separately to address Mr. Green's objections. First, Mr. Green objects to Judge Young's treatment and dismissal of his actual innocence claim. Mr. Green appears to

argue that Judge Young applied the incorrect standard to his actual innocence claim by characterizing it a "stand-alone" claim instead of a "gateway" claim.  Mr. Green is mistaken.  A gateway actual innocence claim allows habeas petitioners to overcome a procedural bar to consideration of the merits of their other constitutional claims.  *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *Nooner v. Hobbs*, 689 F.3d 921, 926 (8th Cir. 2012).  Because Judge Young chose not to wrestle with the procedural bar question and instead addressed the merits of Mr. Green's other constitutional claims, including his challenges to the sufficiency of the evidence, and because this Court agrees with and adopts Judge Young's Findings and Recommendation on the merits, it is unnecessary to determine whether Mr. Green has proven his gateway actual innocence claim.

As for a stand-alone claim of actual innocence, the Supreme Court has suggested that, where the underlying state trial is not tainted by any prejudicial constitutional error, as is the case here, a stand-alone actual innocence claim still may be cognizable and provide an avenue for habeas relief.  *Nooner*, 689 F.3d at 922 n.7; *see McQuiggin*, 133 S.Ct. at 1931 ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence").  However, individual justices have stated that the standard for any potentially cognizable stand-alone actual innocence claim would be more stringent than that required to prove actual innocence for gateway purposes.  *Nooner*, 689 F.3d at 922 n.7 (citing *Herrerra v. Collins*, 506 U.S. 390, 426 (1993) (O'Connor, J., concurring)).  Judge Young addressed the possibility that Mr. Green meant to bring a stand-alone actual innocence claim, assuming that such a claim is cognizable, and found that Mr. Green had not met "the extraordinarily high standard applicable to such a claim" (Dkt. No. 43, at 17 n.4).  This Court agrees.

Second, Mr. Green points to the alleged affidavit of Earl Railey, one of the jurors in Mr. Green's state case, to argue that the Risk Assessment and Offender Profile Report ("Report") was given to the jurors at the guilt phase of his trial and that he was prejudiced by his attorney's failure to object to the admission of the Report at the sentencing phase of the trial. Specifically, the written statement, an affidavit attributed to Mr. Railey but not signed by him, states that "[t]he risk assessment and offender profile report caused me to vote the way I voted" (Dkt. No. 5-1, at 6).

Even assuming that Mr. Railey's written statement would be competent evidence under Federal Rule of Evidence 606(b), and assuming the truth of this written statement, it does not show that the Report was given to jurors at the guilt phase of the trial. The written statement does not indicate whether Mr. Railey based his guilty vote or his vote on the jury's sentence recommendation on the Report, despite Mr. Green's claims that Mr. Railey meant with his written statement to indicate the Report influenced his guilty vote. The Arkansas Supreme Court found that, according to the record, the Report was introduced into evidence and considered by the jury only during the sentencing phase of the trial. *Green v. State*, No. CR-13-517, 2013 WL 5968933, at *6 n.3 (Ark. 2013). The trial transcript supports the Arkansas Supreme Court's finding (Dkt. No. 27-2, at 263-69). Without evidence to the contrary besides Mr. Green's own assertions, this Court determines that the Arkansas Supreme Court's finding was not an unreasonable determination of fact. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *Perry v. Kemna*, 356 F.3d 880, 883 (8th Cir. 2004) ("This presumption of correctness

3

applies to factual determinations made by state courts, whether the court be a trial court or an appellate court." (citations omitted) (internal quotation marks omitted)).

The written statement also does not show that Mr. Green was prejudiced by his attorney's failure to object to the introduction of the Report at the sentencing phase of the trial. The Report contained information regarding Mr. Green's level 4 sex offender status, his prior convictions, and a prior rape charge for which he was acquitted, as well as what Mr. Green calls "testimonials" or details of such offenses (Dkt. No. 5, at 126-28). The Arkansas Supreme Court found no prejudice because other admitted evidence made the jury aware of Mr. Green's sex offender status, prior convictions, and rape charge acquittal (Dkt. No. 27-2, at 275-76, 327-345), and because evidence otherwise supported the jury's recommended total sentence. *Green*, 2013 WL 5968933, at *7. As Judge Young explained, the Arkansas Supreme Court's finding was not an unreasonable application of clearly established federal law. Even with Mr. Railey's written statement, the Arkansas Supreme Court reasonably determined that there was not "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cochran v. Dormine*, 701 F.3d 865, 869 (8th Cir. 2012).

Third, Mr. Green objects to Judge Young's treatment of his claim that introduction of the Report at the sentencing phase of his trial violated his rights under the Double Jeopardy Clause. The general rule is that "double jeopardy protections [are] inapplicable to sentencing proceedings . . . because the determinations at issue do not place a defendant in jeopardy for an 'offense.'" *Monge v. California*, 524 U.S. 721, 728 (1998); *see also Witte v. United States*, 515 U.S. 389, 400-02 (1995) (holding that consideration of uncharged but related cocaine importation in order to impose higher sentence within statutorily authorized range for marijuana charges did not impose "punishment" for cocaine conduct for double jeopardy purposes); *United States v. Webb*,

545 F.3d 673, 678 (8th Cir. 2008) (finding that district court's determination at sentencing of a drug quantity in excess of that found by the jury did not violate the Double Jeopardy Clause because "[t]he double jeopardy clause generally has no application in the sentencing context" and "drug quantity is not an element of the offense in this case").  This Court agrees with Judge Young that admission of the Report did not violate Mr. Green's protection against double jeopardy.

Mr. Green also sent a letter to this Court regarding his intent to file a notice of appeal should the Court adopt the Findings and Recommendation.  That letter is attached.  The Clerk of the Court is directed to file this letter separately as Mr. Green's notice of appeal.

SO ORDERED this the 16th day of October, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE

To: United STATES
     District Court Judge
     Kristine Gerhard BAKer
%  500 W. CAPITOl AVE #444
    LiHle Rock, AR 72201-3398

From: Mr. James Green Jr.
      ADC # 113001
      MAximum Security Unit
      2501 STATE FARM ROAD
      Tucker, AR 72168

RE: Case Number :   Green vs. Hobbs
                    5:14-CV-00009-KGB

Dear Your Honor,

       I do not mean to bother you or interrupt you from
your Judicial Duties. But I've got A problem that hAs been
an ongoing problem with the ADC concerning me recieving
and sending out Legal and Personal Mail. So quite FrankLy, I don't
Know what they send out or what they allow me to recieve.
But anyway, I Know that you're probAbly been reading my
Case File and all of its submissions and that's good, if that's the
Case. So please by An means take your Time, as I'm hoping
that you'll go contrary to the Findings/Reccommendations that
the MAgiStrate Judge Proposed. Now when you're finiShed with
your Judicial Determination of my Habeas Corpus, I believe

① 1.

that you'll be sending that decision to me in the mail system while I'm in the ADC. custody. So I want to make it perfectly clear that IN the EVENT OF ANY Adverse Decision(s), I'd like to Exercise my Right to Appeal your Decision to the 8th Circuit - U.S. Court of Appeals. So Just in case if for some Reason the ADC or anyone else, Intentionally Impedes, destroys or delay your mail that you're sending to me in Anyway, then please be Advised if I don't Recieve your decision by mail, then I do not want any "Notice of Intent" to Appeal to be taken away from me, For it being corruptibleness on the part of the State and/or ADC.

Your Honor, I trust that you'll thoroughly read all of my Submissions and that you'll make your OWN Independent Determination of the FACTS and the Law. So please take Care and may God Bless you !!

P.S. Your Honor, I Know I'm in A BIG Hole, but I'm trying to Bounce-Back and make something out of my Life and share my Experiences to help others. I Am also currently preparing to File A Petition of "Error Coram Nobis" back into the Lower Trial Court in an attempt to take back my "Guilty Plea" to the underlying felony conviction,

Sincerely,
mr. James Graham
ADC# 113001

I pray"!!!!
All the time! @